91 F.3d 151
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald L. CURTIS, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF INTERIOR; Bureau of Land
Management; Bruce Babbit, in his capacity as
Secretary of the United States
Department of Interior,
Defendants-Appellees.
Charles R. ERWIN, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF the INTERIOR; Bureau of Land
Management; Bruce Babbit, Defendants-Appellees.
Sandra L. LA BUDDA, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF the INTERIOR; Bureau of Land
Management; Bruce Babbit, in his official
capacity as Secretary of the U.S. Dept.
of Interior, Defendants-Appellees.
 No. 95-55095, 95-55168, 95-55198.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER, and POOLE, Circuit Judges.
 
 
 1
 Memorandum**
 
 
 2
 In these consolidated appeals, Ronald Curtis, Charles Erwin, and Sandra LaBudda ("Appellants") appeal pro se the district court's dismissal of their actions brought against the United States Department of the Interior ("DOI") under the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq., the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq., and the Mandamus and Venue Act, 28 U.S.C. § 1361. The Appellants' challenged the Bureau of Land Management's ("BLM") implementation of a congressionally mandated rule imposing a $100 rental fee on holders of unpatented mining claims.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 With respect to Curtis and LaBudda, they did not own an interest in any unpatented mining claims. Therefore, they lack standing to challenge the $100 rental fee because they do not have any legally protected interest that faces an actual or imminent injury. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Hong Kong Supermarket v. Kizer, 830 F.2d 1078, 1081 (9th Cir.1987). Although Erwin has standing, his claims lack merit because he failed to show that the BLM failed to follow proper procedures, pursuant to the Administrative Procedure Act, in enacting the $100 license fee. See Vallejo Gen. Hosp. v. Bowen, 851 F.2d 229, 231 (9th Cir.1988).
 
 
 4
 Furthermore, none of the Appellants had standing to bring a suit under NEPA because they failed to allege an injury within NEPA's zone of interest. See Nevada Land Action Ass'n v. United States Forest Service, 8 F.3d 713, 715-16 (9th Cir.1993) ("[A] plaintiff who asserts purely economic injuries does not have standing to challenge an agency action under NEPA.").
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the Appellants' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In 1992, Congress passed the Department of Interior and Related Agencies Appropriations Act 1993, Pub.L. No. 102-381, 106 Stat. 1374 (1992) ("Appropriations Act"). Generally, the Appropriations Act required holders of unpatented mining claims to pay an annual rental fee of $100 per claim for 1993 and 1994. Failure to make payment of the rental fee was deemed an abandonment of the unpatented mining claim. The final rule implemented by the DOI, through BLM, was codified at 43 C.F.R. § 3833 (1993)
 
 
 [2]
 Curtis's motion to consolidate these appeals with Presley v. United States, No. 94-17035 is denied